# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**MICHAEL BRANDNER, JR.,**
**ET AL.**

**CIVIL ACTION**

**NO. 17-454-BAJ-RLB**

**VERSUS**

**STATE FARM MUTUAL**
**AUTOMOBILE INSURANCE**
**COMPANY, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on September 7, 2017.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL BRANDNER, JR.,                              CIVIL ACTION
ET AL.
                                                   NO. 17-454-BAJ-RLB
VERSUS

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY, ET AL.

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Remand. (R. Doc. 20). The motion is opposed.

(R. Doc. 24).

I.      Background

On January 24, 2017, Michael Brandner, Jr., individually and on behalf of his two minor

children (collectively, "Plaintiffs"), initiated this action in the 19th Judicial District Court, East

Baton Rouge Parish, Louisiana, against defendants Mirna Velasquez, State Farm Mutual

Automobile Insurance Company ("State Farm"), and Nautilus Insurance Company ("Nautilus").

(R. Doc. 1-4 at 1-8). Plaintiffs seek recovery for an automobile accident that occurred on August

25, 2016 on I-10 in Jefferson Parish.

In the Petition, Plaintiffs specifically allege that they are "domiciled in the Parish of

Jefferson" in Louisiana and that Ms. Velasquez is "domiciled in the State of Louisiana." (R. Doc.

1-4 at 1).

On March 29, 2017, Plaintiff produced a copy of Ms. Velasquez's "limited term" driver's

license to Nautilus. (R. Doc. 20-2; R. Doc. 20-5). The license is issued by the State of Louisiana,

and provides the same New Orleans address for Ms. Velasquez as found in the Petition.

According to Plaintiffs, Nautilus had thirty days from receipt of this license to remove the action

because at that time Nautilus became aware that Ms. Velazquez is in fact a citizen of El Salvador and a non-permanent resident alien. (R. Doc. 20).

On May 10, 2017, Plaintiffs filed a First Amended and Supplemental Petition for Damages. (R. Doc. 1-5 at 97-99). Plaintiffs did not seek to amend their Petition to assert that Ms. Velasquez is a citizen of El Salvador and a non-permanent resident alien.

Nautilus represents that on June 28, 2017, it received a copy of Ms. Velasquez's employment authorization card from State Farm. (R. Doc. 1 at 4).[1]

On July 14, 2017, Nautilus removed the action on the basis that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (R. Doc. 1; R. Doc. 15). Nautilus asserts that based on the employment authorization card, Ms. Velasquez is a citizen of El Salvador for the purposes of removal. (R. Doc. 1 at 4). Nautilus further asserts that both State Farm and Ms. Velasquez were served at the time of removal, and that both consented to removal. (R. Doc. 1 at 2-3). [2]

On July 25, 2017, Plaintiffs filed a motion for leave to file a Second Amended and Supplemental Petition for Damages into the record to allege additional claims and to name additional defendants. (R. Doc. 12). The Court denied the motion. (R. Doc. 26).

---

[1] Nautilus represented in its Notice of Removal that it would file under seal a "Letter from Counsel for State Farm, with enclosed Employment Authorization Card of Velazquez." (R. Doc. 1 at 4). Nautilus filed a motion to file the foregoing documents under seal (R. Doc. 2), but only provided a copy of the employment authorization card to be filed under seal (R. Doc. 2-1). While the employment authorization card has been filed under seal (R. Doc. 1-6), the purported letter from counsel for State Farm is not in the record. As discussed below, the timing of Nautilus's receipt of the employment authorization card has no bearing on whether removal was timely.

[2] On or about February 22, 2017, Ms. Velasquez filed an "exception of insufficiency of citation and insufficiency of service of process." (R. Doc. 1-4 at 13-15). The motion was set for a hearing to take place on July 24, 2017. (R. Doc. 1-4 at 39). Because Nautilus removed the action on July 25, 2017, the state court did not have the opportunity to rule on the motion. Now that the action is removed, service of process on Ms. Velasquez is governed by 28 U.S.C. § 1448 ("In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court. This section shall not deprive any defendant upon whom process is served after removal of his right to move to remand the case.").

On August 11, 2017, Plaintiff filed the instant Motion to Remand, asserting that the removal was untimely pursuant to 28 U.S.C. § 1446(b). (R. Doc. 20).

## II.     Arguments of the Parties

Plaintiffs argue that removal of the instant action was procedurally improper because it was made more than 30 days after Plaintiffs provided Nautilus with a copy of Ms. Velasquez's "limited term" driver's license on March 29, 2017. (R. Doc. 20-1 at 1).  More specifically, Plaintiffs argue that Nautilus could first ascertain that Ms. Velasquez was not a citizen of Louisiana upon its receipt of the "limited term" driver's license because such licenses are issued to non-permanent resident aliens with less than four years of legal presence remaining on their immigration documents. (R. Doc. 20-1 at 2-5; R. Doc. 20-3 at 2).

In opposition, Nautilus asserts that because Ms. Velasquez has not been properly served with process, the instant motion to remand "has no validity," and is moot because Ms. Velasquez would remove the action once served. (R. Doc. 24 at 1-4).  Nautilus further argues that it did not become aware that Ms. Velasquez is a foreign citizen until it received a copy of Ms. Velasquez's employment authorization card from State Farm on June 28, 2017, and that Plaintiffs should not be allowed to benefit from their misleading allegation that Ms. Velasquez is domiciled in Louisiana. (R. Doc. 24 at 4-5).  Finally, Nautilus argues that the fact that Ms. Velasquez has a "limited term" driver's license was insufficient to alert it that Velasquez is a foreign citizen. (R. Doc. 24 at 5-6).

## III.     Law and Analysis

There is no dispute between the parties that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.  In light of the amounts sought by Plaintiffs in a proof of loss document submitted to Nautilus on February 20, 2017, and filed under seal, the amount in controversy requirement is satisfied. (R. Doc. 8).  With regard to citizenship, there is no dispute

that Plaintiffs are citizens of Louisiana, Nautilus is a citizen of Arizona, State Farm is a citizen of Illinois, and Ms. Velasquez is a citizen of El Salvador and a non-permanent resident alien. (R. Doc. 1 at 3; R. Doc. 15). Accordingly, there is complete diversity between Plaintiffs and the defendants Nautilus and State Farm because they are "citizens of different States" pursuant to 28 U.S.C. § 1332(a)(1). Likewise, the Court has diversity jurisdiction over the action pursuant to 28 U.S.C. § 1332(a)(2) because Plaintiffs are citizens of the State of Louisiana and Ms. Velasquez is a citizen of El Salvador and a non-permanent resident alien. Because Ms. Velasquez is not "lawfully admitted for permanent residence in the United States," whether she is "domiciled" in the same State as Plaintiffs is irrelevant for determining diversity jurisdiction. 28 U.S.C. § 1332(a)(2).

The only dispute is whether Nautilus timely removed the action pursuant to 28 U.S.C. § 1446. The time limits for filing a notice of removal, which are provided in the removal procedure rules of 28 U.S.C. § 1446, are as follows:

(1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

. . .

(3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b).

The parties do not dispute that the 30-day deadline to remove pursuant to 28 U.S.C. § 1446(b)(1) was not triggered based on service of the Petition on Nautilus. Plaintiffs specifically alleged in the Petition that they are domiciled in Louisiana and that Ms. Velasquez is domiciled in

Louisiana. Accordingly, because the Petition does not indicate that Ms. Velasquez is in fact a citizen of a foreign country and a non-permanent resident alien, the Petition suggests that there was not complete diversity between the parties as required for diversity jurisdiction pursuant to 28 U.S.C. § 1332. In the context of determining whether the 30-day period for removal is triggered under the first paragraph of § 1446(b) where the plaintiff does not allege the amount in controversy, the Fifth Circuit has provided a bright line rule that "the thirty-day removal period under the first paragraph is triggered only where the initial pleading *'affirmatively reveals on its face* that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court.'" *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 399 (5th Cir. 2013) (quoting *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992) (emphasis added by *Mumfrey*)). Analogously, the thirty-day removal period under the first paragraph is not triggered where the plaintiff wrongly alleges that the citizenship of a defendant would destroy complete diversity. *See*, *e.g.*, *Fermaintt v. Home Depot U.S.A., Inc.*, No. 07-61056, 2008 WL 11332008, at *3-4 (S.D. Fla. Feb. 13, 2008) (applying "affirmatively reveals on its face" standard in the context of diversity of citizenship).[3]

The parties dispute, however, whether Nautilus removed the action within 30 days of receipt "of an amended pleading, motion, order, or other paper" from which it could ascertain that the Court had diversity jurisdiction over the action. 28 U.S.C. § 1446(b)(3). Accordingly, the Court must decide whether the § 1446(b)(3) was triggered when Plaintiff produced Ms. Velasquez's "limited term" driver's license to Nautilus on March 29, 2017. If so, then removal on July 14, 2017 was untimely, and the action must be remanded.

---

[3] The 30-day period for removal was also not triggered by service of the Petition because it does not affirmatively reveal on its face that Plaintiffs are seeking damages in excess of the amount required to establish federal diversity jurisdiction. *See Mumfrey*, 719 F.3d at 399.

Assuming, without concluding, that Ms. Velasquez's "limited term" driver's license constitutes an "other paper" under the § 1446(b)(3), the production of that driver's license nonetheless did not trigger the 30-day period for removal.[4]

Foremost, at the time Plaintiffs produced Ms. Velasquez's "limited term" driver's license, the Petition alleged that Ms. Velasquez is domiciled in Louisiana without any indication that Ms. Velasquez is in fact a non-permanent resident alien.[5] Even if Nautilus subjectively knew at the time of the initial pleading that Ms. Velasquez was not a citizen of Louisiana, and that the Court could exercise diversity jurisdiction pursuant to 28 U.S.C. §1332(a)(2), such knowledge did not trigger a 30-day period of removal. The Fifth Circuit has held that the subjective knowledge of a defendant regarding the requirements for diversity jurisdiction does not commence the 30-day period to remove. *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996); *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992). In *Chapman*, the Fifth Circuit adopted its rule against considering the defendants' subjective knowledge because "it promotes certainty and judicial efficiency by not requiring courts to inquire into what a particular defendant may or may not subjectively know" and avoids the needless expense of judicial resources toward "trying to determine what the defendant knew at the time it received the initial pleading and what the defendant would have known had it exercised due diligence." *Chapman*, 969 F.2d at 163.[6]

---

[4] Prior to its receipt of Ms. Velasquez's "limited term" driver's license, Nautilus was in receipt of a demand establishing that the amount in controversy requirement was satisfied. (R. Doc. 8).

[5] Nautilus argues that Plaintiffs "repeatedly mislead everyone through the repeat pleading of Velasquez's Louisiana citizenship." (R. Doc. 24 at 4-5). Nautilus has not directed the Court, however, to any requirement under Louisiana procedural law for a plaintiff to assert the citizenship of a party for purposes of establishing federal diversity jurisdiction when initiating an action in Louisiana state court. Furthermore, Plaintiffs only assert in their pleadings that Ms. Velasquez is "domiciled" Louisiana, not that she is a "citizen" of Louisiana for the purposes of federal diversity jurisdiction.

[6] At least one court in the Fifth Circuit has suggested, in dicta, that it remains "unclear" whether defendants are required to exercise due diligence to determine whether the 30-day removal period is triggered because there is complete diversity in an action. *See Fernando Garcia v. MVT Servs., Inc.*, 589 F. Supp. 2d 797, 802 (W.D. Tex. 2008) (citing *Chapman* for the proposition that it found "no circuit court opinions addressing whether a defendant is under a duty to exercise due diligence in determining circumstances supporting removal when the initial pleading does not reveal those circumstances.").

While the *Chapman* decision addressed the defendants' subjective knowledge regarding whether the amount in controversy requirement is satisfied, the rationale for the rule is equally applicable with regard to a defendant's subjective knowledge of whether there is complete diversity. *See Brandon v. Toyota Motor Corp.*, 240 F. Supp. 2d 604, 606 (S.D. Miss. 2002) (letter from defense counsel stating that non-diverse defendants were improperly named in Petition did not trigger 30-day period of removal on the basis that it was not a voluntary act by the plaintiff and "any subjective knowledge on the part of defendants or their counsel was insufficient to commence the running of the removal period.").

Second, Ms. Velasquez's "limited term" driver's license does not state Ms. Velasquez's citizenship. The Fifth Circuit has provided that the 30-day removal period in § 1446(b)(3) is triggered only where jurisdiction is "unequivocally clear and certain" from the document. *See Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002) (stating that the statutory term "ascertained" means "unequivocally clear and certain"). Accordingly, the standard for triggering removal based upon a subsequent "amended pleading, motion, order, or other paper," as provided in § 1446(b)(3), is at least as strict as the standard for triggering the 30 day period for removal based on an initial pleading, as provided in § 1446(b)(1).[7] Having reviewed the "limited term"

---

[7] In *Bosky*, the court indicated that the standard to trigger the second 30-day removal period (as is at issue in the instant case) "seems to require a *greater* level of certainty" than the *Chapman* standard used to determine whether a case must be removed based on the allegations contained in the initial pleading. *Id.* at 211 (emphasis added). The Fifth Circuit has subsequently held that *Bosky*'s discussion of the standards for triggering the initial 30-day removal period constituted dicta because the issue before the *Bosky* court was whether removal was timely pursuant to the language of what is now § 1446(b)(3), and not whether removal was timely pursuant to the language of what is now § 1446(b)(1). *See Mumfrey*, 719 F.3d at 399 n.11 (citing *Bosky*, 288 F.3d at 209-11). The *Mumfrey* court criticized the *Bosky* decision to the extent it stated that the bright line rule announced in *Chapman* was less strict than the requirement for triggering the 30-day period with regard to amended pleadings and other documents. *Id.* at 400. While the *Mumfrey* court does not use the "unequivocally clear and certain" language found in *Bosky*, its ultimate holding that the 30-day removal period was triggered by receipt of an amended petition seeking $3,575,000 in damages and not the initial petition, which did not specifically request any amount of damages, suggests that the standards for triggering the 30-day period are virtually identical (if not in fact identical) if removal is based upon the initial pleading or a subsequent paper. *See Smith v. Wal-Mart Louisiana, LLC*, No. 13-2368, 2013 WL 4781778, at *3 (W.D. La. Sept. 5, 2013) (*Bosky* should be read as imposing a trigger for the second removal period that is *at least* as strict as that set forth in *Chapman*.").

driver's license, the Court concludes that it does not affirmatively reveal on its face that Ms. Velasquez is a citizen of a foreign country or a non-permanent resident alien, or otherwise demonstrate that this Court's diversity jurisdiction is unequivocally clear and certain.[8] In sum, Ms. Velasquez's "limited term" driver's license does not constitute an "other paper from which it may first be ascertained that the case is one which is or has become removable." *See* 28 U.S.C. § 1446(b)(3).

Because the production of Ms. Velasquez's "limited term" driver's license did not trigger the 30-day period to remove the action, the removal was not untimely on the basis that it was made more than 30 days after Nautilus's receipt of that license. The Court need not address whether the receipt of Ms. Velasquez's employment authorization card from State Farm triggered a 30-day removal period, because it did not result from a "voluntary act by the plaintiff." *S.W.S. Erectors, Inc.*, 72 F.3d at 494 (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 254 (5th Cir. 1961)).

**IV.   Conclusion**

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiffs' Motion to Remand (R. Doc. 20) be **DENIED**.

Signed in Baton Rouge, Louisiana, on September 7, 2017.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[8] The license provides no specific statement that Ms. Velasquez is a citizen of El Salvador, or is otherwise a citizen of any other state than Louisiana. Again, the license is issued by Louisiana and provides an address for Ms. Velasquez in New Orleans. While the driver's license identifies that it is a "limited term" driver's license, it does not specify that it is issued pursuant to 6 C.F.R. § 37.21 (federal regulation for providing "temporary" or "limited term" driver's licenses and identification cards to individuals with "temporary lawful status in the United States"), much less that Ms. Velasquez is a foreign national without permanent legal status.